Anthony G. Austria, Jr., Esq. Assistant County Attorney, Orange County
You ask whether the Orange County Clerk may accept for recording a deed with an acknowledgment authenticated by a certificate called anApostille.
The convention or treaty establishing the procedure of authentication byApostille, known as the Convention de La Haye du 5 Octobre 1961, was acceded to by the United States on October 15, 1961. As the "supreme law of the land" (US Const, art VI, clause 2), the treaty supersedes any provisions of state law which are inconsistent with the treaty.
The treaty abolishes the requirement of diplomatic or consular legalization for foreign public documents, including "notarized authentications of signatures" (Art 1[d]). The treaty, as to the contracting countries only, supersedes the chain-certificate method of document certification required by the Real Property Law (Sections 301, 301-a and 308). The treaty replaces such legalization with a single standardized certificate or Apostille placed on or attached as an "allonge" to the document being authenticated (Art 4).
Article 3 of the treaty states:
 "The only formality that may be required in order to certify the authenticity of the signature, the capacity in which the person signing the document has acted and, where appropriate, the identity of the seal or stamp which it bears, is the addition of the certificate described in Article 4, issued by the competent authority of the State from which it emanates."
The Apostille or certificate of authenticity may be "drawn up in the official language of the authority which issues it."
In an Opinion (#81-1213) issued March 19, 1982, the Attorney General of California, a state with requirements for the authentication of foreign acknowledgments similar to those of New York, states that the Convention
"supersedes any inconsistent provisions of state law, even though the state is otherwise clearly authorized to act in the premises" (p 10).
The Register of the City of New York has indicated that he will accept an acknowledgment taken before a foreign notary authenticated by anApostille in no matter what language, provided there is compliance with the format of the Apostille. This does not mean that the acknowledgment itself may be written in a foreign language. The requisites for the acknowledgment of an instrument entitling the instrument to be recorded in New York State remain governed by the provisions of the Real Property Law.
The full text of the treaty and a list of participating countries is printed in the Martindale-Hubbell Law Directory, Vol. 8, Part VII, at page 4639. Title Guarantee — New York has published (Law of Real Property, Vol. 45, No. 4) a list of officers designated to execute theApostille in some of the participating countries.
The Attorney General is authorized to render formal and official opinions to officers and departments of the State government only. Necessarily, therefore, the foregoing is not to be considered a formal opinion of the Attorney General but is an informal and unofficial expression of view given with the desire to be helpful to you.